BAKER, JUDGE:
Claimant, Bonnie J. Starkey, the co-owner and operator of a 1986 Dodge Omni, was attempting to return fromEast Bank, in Kanawha County, at approximately 10:30 p.m. on November 29,1 990. She was traveling on Center Street, Secondary State Route 61/8, in or near the unincorporated community of Hansford.
A stop sign was located on Center Street at its intersection with Twelfth Street, and claimant stopped her vehicle, discussed with her passenger the best way to reach the main road, observed the headlights of a vehicle moving toward her from the opposite direction and elected to drive straight ahead, accelerating normally. Claimant had never before traveled Route 61/8 and was not familiar with the area.
To her dismay, claimant learned that this was not a four-way intersection but a “T”, and her vehicle went over the brink of a steep embankment, down the embankment, and ground to a halt on a paved area below, suffering mortal wounds along the way.
Claimant was hurled forward, her head breaking the windshield of her vehicle. She walked to the residence of Gary W. DiVita, on the lower part of Center Street, within view of the accident site, and summoned assistance.
There was no barrier alongside Twelfth Street to prevent vehicles from going over the embankment, there was no warning sign or delineator either before or past the intersection to warn of the hazard, the embankment was not visible to those approaching the stop sign, and the headlights on the vehicle approaching on the lower segment of Center Street created the illusion that Center Street continued through the intersection and that claimant might safely traverse it.
Claimant suffered painful injuries to her head and neck, and her vehicle was a total loss. After crediting recoveries from collateral sources, claimant lost the $100.00 deductible on her physical damage insurance, and has $42.45 in unpaid medical bills. Because the balanced owed a bank on her vehicle far exceeded the amount paid by her insurance carrier on its loss, claimant had difficulty in obtaining replacement transportation.
Mr. DiVita, who for 22 years has lived about 150 feet from the place claimant’s vehicle came to rest, testified that at one time he and a neighbor put wooden posts at the top of the embankment, as a warning, but they had been removed by vandals, and at a later date the respondent *77 erected three 2” posts with reflectors, but he believed that those had also been broken off by vandals. Mr. DiVita has seen three or four cars come over the hill, but they didn’t make it [safely] and has also observed four-wheel drive vehicles on the slope. He confirmed that when one is at the stop sign he can’t see the hill.
James Dingess is a supervisor employed by respondent and has served in the Chelyan area, which includes the accident site, for 14 years. He recalled no complaints about the location in question but he considers the intersection, in the absence of proper signage, to constitute a hazard.
Barry Warhoftig, a registered professional engineer employed by respondent in its Traffic Engineering Division, visited the accident site in late December or early January, immediately following the accident in question. From his inspection or from photographs taken att his direction, he discovered the remnants of three posts which had been knocked down by a vehicle traveling in the same direction as claimant, and he identified the posts as once having mounted delineators, a type or reflector used as a warning device. A search of records available to him disclosed no prior accidents or complaints relating to the location in question, but because the location had the potential of being a hazardous one, a double-headed arrow on a yellow warning sign, shown in the photographs introduced as Respondent’s Exhibits 3 and 4, was placed at the intersection within two months following claimant’s accident.
From the evidence the Court finds that, in the absence of a warning sign or barricade, a hazardous condition existed at the three-way intersection, constituting a trap for the unwary; that respondent was aware, or in the exercise of reasonable diligence should have been aware, of the hazardous condition and the absence of any warning sign or device; and that the respondent was negligent in this regard, proximately causing the injuries to the claimant and the losses which she suffered as a result thereof.
Claimant is entitled to recover the sum of $100.00 for the deductible feature on her automobile insurance, the sum of $42.45 for reimbursed medical expenses incurred as a result of the
accident, and the sum of $2,000.00 for pain and suffering from her accident injuries and the inconvenience occasioned by the loss of her vehicle.
Award of $2,142.45.